**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Adeniran Richard Adeogba, | No. CV 02-1551-PHX-MHM. |
| Plaintiff, | **ORDER** |
| vs. |  |
| United States of America, |  |
| Defendant. |  |

    Plaintiff Adeniran Richard Adeogba, proceeding pro se, has filed a first amended complaint asserting a claim based on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, naming the United States as Defendant. (Doc. 41). Plaintiff's amended complaint contains factual allegations in support of a claim for negligence concerning dental care he received while a detainee in the custody of the Bureau of Immigration and Customs Enforcement in Florence, Arizona. Defendant has filed a motion for summary judgment supported by a separate statement of facts and a memorandum of law. (Doc. 55). Plaintiff has filed a response in opposition (Doc. 57), supported by a separate statement of facts (Doc. 59), and a memorandum of points and authorities. (Doc. 58).

    The Court has determined that oral argument would not materially assist in the disposition of the pending motion. The Court now enters this Order on Defendant's motion for summary judgment.

I.

Standard of Review.

A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). See also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

II.

Background Facts.

During the time of the alleged events, Plaintiff was a detainee at the Bureau of Immigration and Customs Enforcement ("BICE") facility in Florence, Arizona. On July 11, 2002, Plaintiff complained to medical personnel about sinus pressure, nasal congestion, and gum pain. Personnel began the pre-authorization process for an off-site dental consultation. The process had to be completed by using cross-country regular mail exchanges. An off-site consultation was necessary because no dentist was assigned to the BICE facility where Plaintiff was detained. BICE facilities are not required to have a dentist on-site. Prior to July 11, 2002, there was no record of dental complaints by Plaintiff. On June 25, 2002, a BICE caregiver had found that Plaintiff was "not tender to dental percussion."

On July 15, 2002, Plaintiff requested a dental visit. Tylenol was given for pain while awaiting approval of authorization for an off-site consultation. Plaintiff was again examined on-site on July 23, 2002 and an abscess was suspected. Plaintiff was prescribed additional pain medication, antibiotics and tooth gel. On August 1, 2002, approval was received for an off-site dental consultation.

1    On the morning of August 2, 2002, Plaintiff was again examined on-site and was not
2 observed to be in any apparent distress, was able to fully open his mouth without discomfort,
3 and was not suffering from any swelling, redness or pus drainage in the mouth, tooth pulp
4 or tooth decay, trismus, or dysphagia.  On the morning of August 2, Plaintiff visited an off-
5 site dentist and had one tooth extracted, which relieved his pain.  The off-site dentist, Dr.
6 Waite, performed only a simple extraction.

7    Twenty-one days elapsed between Plaintiff's first complaint and his tooth extraction.
8 Ten days of that time elapsed between the prescription of antibiotics for Plaintiff's abscess
9 and the extraction.  According to Defendant, ten days of antibiotic therapy are routinely
10 necessary before extraction of an abscessed tooth.  Plaintiff was seen a total of approximately
11 eight times by BICE medical staff before his off-site consultation.

12    Defendant has provided the report of its expert witness, Dr. Ronald D. Giordan, who
13 states that BICE personnel did not breach the standard of care.  After reviewing the federal
14 protocols that the medical staff were required to follow before securing an outside dental
15 exam for Plaintiff, Plaintiff's medical records, and the course of treatment administered to
16 Plaintiff during the delay period, Dr. Giordan expressed the opinion that he did not believe
17 "that the staff was negligent in any treatment or failure of treatment of the patient.  They
18 followed protocol as required."

19    Plaintiff alleges that he was "subjected to persistent excruciating aches and pains and
20 extensive emotional distress" for 29 days due to the "negligence and malpractice" of Florence
21 BICE personnel in not calling for "Emergency dental care ..."  Plaintiff seeks $290,000 in
22 monetary relief.

23    Pursuant to the Fed.R.Civ.P. 16 Scheduling Order entered in this case, Plaintiff was
24 required to disclose all experts' reports by December 14, 2005.  Plaintiff has not provided any
25 expert disclosures. Plaintiff states in his statement of the facts that he did "not need an expert
26 witness because the negligence in this case is so grossly apparent that a layman would have
27 no difficulty in recognizing it."  (Doc. 59, paragraph 21).

28                                        III.

- 3 -

Discussion.

In moving for summary judgment, Defendant contends that Plaintiff failed to establish through expert evidence breach of the applicable standard of care. Defendant further contends that Plaintiff has not alleged any misconduct that would be "grossly apparent" as negligent to a layman. Plaintiff has responded that he did not need an expert witness because the negligence in this case is so grossly apparent that a layman would have no difficulty recognizing it.

The FTCA subjects the United States to the same negligence liability that applies to private persons under state law. 28 U.S.C. § 1346(b). Under Arizona law, "[a] plaintiff may maintain a negligence action if [he] proves duty, breach of duty, proximate cause, and damages." Gipson v. Kasey, 129 P.3d 957, 960 (Ariz. App. 2006). In Arizona, an essential element of any negligence claim is proof of a breach of the applicable standard of care. A.R.S. § 12-563. To satisfy this element, a plaintiff must "present expert evidence of the accepted conduct of the profession and the defendant's deviation from that standard unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it." Nunsuch v. United States, 221 F. Supp. 2d 1027, 1032-33 (D. Ariz. 2001)(citing Valencia v. United States, 819 F. Supp. 1446 (D. Ariz. 1993)). The plaintiff must normally utilize medical testimony by qualified physicians, although the use of expert testimony is not mandated in every case. Peacock v. Samaritan Health Service, 765 P.2d 525, 528 (Ariz. App. 1988). Allegations of negligence that do not require the support of expert testimony typically involve patently outrageous behavior, such as leaving instruments in the patient's body. See, e.g., Rudy v. Meshorer, 706 P. 2d 1234, 1237 (Ariz. Ct. App. 1985).

In this case, the period of delay between Plaintiff's initial complaint on July 11, 2002 and approval for an off-site dental consultation on August 1, 2002 was approximately twenty days and was attributed to the time required to satisfy pre-authorization procedures. During this period, medical staff saw Plaintiff and treated him with medication and antibiotics. Plaintiff's condition did not require emergency treatment. A simple extraction was required on August 2, 2002. The August 2, 2002 BICE exam administered prior to Plaintiff's off-site

1  visit found Plaintiff in no apparent distress and not exhibiting any alarming symptoms.
2  Twenty-two days elapsed between Plaintiff's first complaint and his tooth extraction. Ten
3  days of that time elapsed between the prescription of antibiotics for Plaintiff's abscess and
4  the extraction. Plaintiff was seen approximately eight times by BICE medical staff before
5  the off-site consultation. Defendant's medical expert has expressed the opinion that the staff
6  was not negligent in any treatment or failure of treatment of Plaintiff.

7  Plaintiff has not presented expert evidence of a breach of the applicable standard of
8  care, an element of his negligence claim. Even failing Plaintiff's presentation of expert
9  evidence on any alleged deviation from the standard of care, Plaintiff has not demonstrated
10 alleged negligent conduct that is "so grossly apparent that a laymen would have no difficulty
11 in recognizing it." In addition, there is no evidence that Plaintiff suffered long-term injury
12 as a result of any delay in treatment. There being no genuine issue as to any material fact,
13 and upon Defendant's showing that it is entitled to judgment as a matter of law, Defendant's
14 motion for summary judgment is granted.

15 **Accordingly**,

16 **IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 55) is
17 granted.

18 **IT IS FURTHER ORDERED** the Judgment shall be entered in favor of Defendant
19 and against Plaintiff.

20 DATED this 27th day of September, 2006.

_____
Mary H. Murguia
United States District Judge